**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|                              |   |                        |
|------------------------------|---|------------------------|
|                              | * |                        |
| **JESUS ELVIRA ORELLANA,**   | * |                        |
| **Plaintiff**                | * |                        |
| **v.**                       | * | **CIVIL NO.  JKB-11-2515** |
| **CIENNA PROPERTIES, LLC,**  | * |                        |
| **Defendant**                | * |                        |
|                              | * |                        |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

**In Re: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 9)**

Jesus Elvira Orellana ("Plaintiff") brought this suit against Cienna Properties, LLC ("Defendant"), alleging breach of contract and violations of the Fair Labor Standards Act, 29 U.S.C. §§ 207(a)(1), 215(a)(3) ("FLSA"), the Maryland Wage and Hour Law, MD. CODE ANN., LAB. & EMPL. §§ 3-415, -420 ("MWHL"), and the Maryland Wage Payment and Collection Law, MD. CODE ANN., LAB. & EMPL. §§ 3-502, -504(a)(2)-(3), -505 ("MWPCL").  (Compl., ECF No. 1).  The Clerk has entered an order of default against Defendant (ECF No. 7), and Plaintiff now moves for default judgment (ECF No. 9).  The issues have been briefed and no hearing is required.  Local Rule 105.6.  For the reasons explained below, Plaintiff's Motion for Default Judgment (ECF No. 9) is GRANTED IN PART (with respect to her claims for breach of contract, for overtime wages under the MWHL, for overtime wages due after September 7, 2009 under the FLSA, and for reasonable costs and attorney's fees) and DENIED IN PART (with respect to her claims for retaliation under the FLSA, for overtime wages due before September 7, 2009 under the FLSA, and for violations of the MWPCL).

1

## I.  BACKGROUND

This case is an employment dispute arising from Defendant's alleged failure to pay Plaintiff all of the wages it owed her, including overtime, and its alleged retaliation against her when she demanded payment.

In August of 2009, Defendant hired Plaintiff to work at its convenience store in Princess Anne, MD, preparing takeout food, waiting on customers, and performing related duties.  (Compl. ¶¶ 1.1, 4.2, ECF No. 1).  Defendant agreed to pay Plaintiff $9.00 per hour, and scheduled her to work 72 hours per week.  (Compl. ¶¶ 4.3, 4.5).  However, Plaintiff routinely worked an additional 15 to 30 minutes at the end of each shift, cleaning or waiting on remaining customers.  (Compl. ¶ 4.7).  Regardless of the number of hours on Plaintiff's time card at the end of each week, which ordinarily exceeded 72, Defendant paid Plaintiff for only 72 hours.  Defendant paid Plaintiff in cash and never provided a paystub or other documentation or made any Social Security or Medicare deductions.  Despite the fact that Plaintiff worked well over 40 hours per week, Defendant never paid Plaintiff an overtime premium, but instead paid her a flat rate of $9.00 per hour for all the hours she worked.  On several occasions Plaintiff asked Defendant to pay her an overtime premium, but Defendant refused.  (Orellana Aff. ¶ 23, ECF No. 9-3, Ex. 2).  On or about September 17, 2010, Defendant informed Plaintiff that it was reducing her wage to $7.00 per hour and that her schedule would be reduced to three hours per week.  (*Id*. ¶¶ 24-25).  When Plaintiff protested, Defendant fired her.  (*Id*. ¶ 26).

On September 7, 2011, Plaintiff filed this suit for alleged breach of contract and violations of the FLSA, the MWPCL, and the MWHL.  On October 4, 2011, Plaintiff personally served Defendant's registered agent, Dipak Patel, with a summons and a copy of the complaint.  (Pl.'s Mem. Def. J. 2, ECF No. 9-1).  The Docket shows that Defendant's answer to the complaint was due on October 25, 2011.  When Defendant failed to file an answer or otherwise respond within the

prescribed time, the Court ordered Plaintiff to file motions for entry of default and for default judgment.  Plaintiff filed a motion for entry of default, which the Clerk granted on November 28, 2011.  (ECF No. 7).  Plaintiff now moves for default judgment.

## II. LEGAL STANDARD

In reviewing a motion for default judgment, the court accepts as true the well-pled factual allegations in the complaint with regard to liability.  *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001).  Default alone, however, does not establish liability; rather, the court must determine as a matter of law whether the plaintiff's well-pled factual allegations entitle him to the relief he seeks.  10A CHARLES ALAN WRIGHT, *ET AL.*, FED. PRAC. & PROC. CIV. § 2688 (3d ed. Supp.2010); *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).  If the court determines that liability exists, then it must determine the proper amount of damages.  In this regard, the court does not accept the plaintiff's allegations as true, but instead must make an independent determination.  *See Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999).  If the record does not contain sufficient evidence to determine damages, the court may conduct a hearing to determine a proper award.  FED. R. CIV. P. 55(b)(2)(B).

## III. ANALYSIS

### A. Liability

#### 1. Fair Labor Standards Act

##### a. Overtime Wages

Plaintiff alleges that Defendant violated the Fair Labor Standards Act by failing to pay her an overtime premium for work she performed in excess of 40 hours per week.  The Court agrees.

The FLSA requires employers to pay their employees at least one-and-a-half times their regular rate of pay for any work they perform in excess of 40 hours in one week.  29 U.S.C. §

207(a)(1).  To prove a *prima facie* violation of this provision, a plaintiff must show the following: (1) that the plaintiff worked overtime hours for the employer and did not receive the prescribed compensation; (2) the number of overtime hours worked; and (3) that the employer had actual or constructive knowledge that the plaintiff worked those hours.  *See id*; *Darrikhuma v. Southland Corp.*, 975 F.Supp. 778, 783 (D. Md. 1997).  The Court finds that Plaintiff has made the requisite showings.

First, Plaintiff alleges that she consistently worked more than 40 hours per week and that Defendant never paid her more than her base wage of $9.00 per hour.  (Compl. ¶¶ 4.7, 4.12, ECF No. 1).  She has therefore shown that she worked "overtime" for Defendant and that Defendant failed to pay her the compensation prescribed by the FLSA.

Second, Plaintiff has submitted an affidavit with an attached spreadsheet showing the hours she worked and wages she received for each pay period she was in Defendant's employ. (Timesheet, ECF No. 9-2, Ex. A).  The dates and amounts are approximate because Defendant never gave Plaintiff pay stubs or records of her earnings and paid all her wages in cash.   In situations where both employer and employee fail to keep records of the employee's hours and wages, the employee can meet her burden of proof by "produc[ing] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."  *McLaughlin v. Murphy*, 436 F.Supp.2d 732, 737 (D. Md. 2005)(quoting *Andersen v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)(superseded by statute on other grounds)).  The plaintiff need not "prove each hour of overtime work with unerring accuracy or certainty."  *Pforr v. Food Lion, Inc.*, 851 F.2d 106, 108 (4th Cir. 1988).  Plaintiff's timesheet shows that for all but three of the weeks that she worked for Defendant she worked either 73 or 74 hours per week.  This is consistent with Plaintiff's testimony and the allegations in her complaint that she worked a schedule of 72 hours per week plus 15 to 30 minutes extra at the end of most shifts.  (Orellana Aff. ¶ 10).  The other three weeks,

4

Plaintiff worked less than 72 hours.  This is consistent with her testimony that she took time off around Thanksgiving and Christmas of 2009 and on one other occasion, which she does not remember.  (Orellana Aff. ¶¶ 18, 19).    The Court finds that these estimates, in combination with Plaintiff's affidavit testimony, are sufficient to prove the overtime hours that she worked by "just and reasonable inference."

Finally, Plaintiff's complaint alleges that she clocked in at the beginning of each shift and clocked out at the end, and that the hours were recorded on a time card.  (Compl. ¶ 4.8, 4.10).  The Court finds that this allegation, taken as true, is sufficient to show that Defendant had actual knowledge of the hours Plaintiff worked.  Plaintiff has therefore alleged *prima facie* violations of the FLSA overtime provisions.

Some of the violations Plaintiff alleges, however, are time-barred.  Actions to recover unpaid overtime under the FLSA must generally be brought no more than two years after the cause of action accrues.  *See* 29 U.S.C. § 255 (a).  The limitations period is extended to three years only if the plaintiff can show that the violation was "willful," *i.e.*, that the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."  *See Perez v. Mountaire Farms, Inc.*, 650 F.3d 350, 375 (4th Cir. 2011)(quoting *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133 (1988)).  For statute of limitations purposes, a new cause of action accrues each time the employer issues a paycheck in violation of the FLSA.  *See Nealon v. Stone*, 958 F.2d 584, 591 (4th Cir. 1992).  Plaintiff alleges in her complaint that Defendant's violations of the FLSA were willful, but she alleges no facts in support of this contention.  Even on a motion for default judgment, only the "well pleaded" allegations of the complaint are taken as true.  *See Ryan*, 253 F.3d at 780.  Allegations are "well-pleaded" if they meet the minimum pleading standards of FED. R. CIV. P. 8, as construed by the U.S. Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  *Baltimore Line Handling Co. v. Brophy*, 771

F.Supp.2d 531, 544 (D. Md. 2011).   Under that standard, a plaintiff must provide at least enough factual support to make her claims plausible and not merely speculative.  *Iqbal*, 129 S.Ct. at 1937, 1949-50.   Unsupported labels and legal conclusions, such as Plaintiff's bare labeling of Defendant's violations as "willful," do not fall within this category.  *See Twombly*, 550 U.S. at 556-57.   Thus, because Plaintiff has failed to allege any facts suggesting that Defendant knew its actions violated the FLSA or that it acted recklessly with regard to those actions' legality, the Court cannot accept Plaintiff's conclusion that its violations of the FLSA were willful.   Plaintiff's recovery is therefore limited to those violations that took place within two years of her filing of this action.  *See Brewster v. Barnes*, 788 F.2d 985, 993 (4th Cir. 1986).   Plaintiff filed the complaint in this case on September 7, 2011.   Her motion for default judgment will therefore be granted with respect to her claims of FLSA overtime violations that took place on or after September 7, 2009.   Her claims for violations that took place before that date will be dismissed.

### b.   Retaliation

Plaintiff also alleges that Defendant violated the FLSA by firing her after she demanded to be paid overtime.   The Court, however, finds that Plaintiff's complaint and affidavit fail to state a claim for retaliation.

Section 215(a)(3) of the FLSA prohibits employers from retaliating against any employee who has filed a complaint, instituted proceedings, or testified in proceedings, related to allegations that the employer violated the FLSA.   To state a *prima facie* case of retaliation, a Plaintiff must demonstrate that: "(1) he engaged in an activity protected by the FLSA; (2) he suffered adverse action by the employer subsequent to or contemporaneous with such protected activity; and (3) a causal connection exists between the employee's activity and the employer's adverse action." *Darveau v. Detecon, Inc.*, 515 F.3d 334, 340 (4th Cir. 2008).   Plaintiff's Complaint fails to state a *prima facie* case of retaliation because it does not allege a "protected activity" within the meaning

6

of the FLSA.  Unlike the broader anti-retaliation provisions of Title VII or the ADEA, the FLSA protects only the institution of formal proceedings and does not extend to "intra-company complaints" such as a complaint from an employee to her supervisor.  *Ball v. Memphis Bar-BQ Co.*, 228 F.3d 360, 365 (4th Cir. 2000); *see also*, *Jackson v. Mayor and City Council of Baltimore City*, Civil No. JFM 08-3103, 2009 WL 2060073 at *8 (D. Md. July 14, 2009) (unpublished).  The only "complaint" that Plaintiff alleges is her demand to her supervisor that he pay her the overtime she was allegedly owed.  According to the precedents in this circuit, this is the sort of informal complaint that is not protected by the FLSA.  Plaintiff's motion for default judgment will therefore be denied as to this claim and the claim will be dismissed.

### 2.  Maryland Wage Payment and Collection Law

Plaintiff alleges that Defendant violated the Maryland Wage Payment and Collection Law by failing to pay her all of the wages due to her on her regular pay days and by failing to pay all of her outsanding wages after the termination of her employment.  The Court, however, finds that Plaintiff has failed to state a claim under the MWPCL.

Section 3-502 of the MWPCL requires employers to set regular pay periods and to pay their employees at least twice per month or once per two weeks.  Section 3-505 requires employers to pay former employees their remaining wages on or before the day the wages would ordinarily have been due if they were still employed.  These provisions govern the timing of an employer's payment of wages, and not the amount of wages due.  *See, e.g., McLaughlin v. Murphy*, 372 F.Supp.2d 465 (D.Md. 2004); *Williams v. Maryland Office Relocators, LLC,* 485 F.Supp.2d 616 (D. Md. 2007).  While it may be an intuitive argument that wages which are not paid at all are necessarily not paid on time, courts applying the MWPCL, including this one, have held otherwise.  *See* cases, *supra*.  In a case similar to this one, in which the plaintiff sought to recover unpaid overtime under the MWPCL, Judge Blake of this Court explained:

> Section 3-502 deals with the timing of payment, and Section 3-505
> deals with payment on cessation of employment.   In contrast,
> [Plaintiff's] minimum wage and overtime claims are based on his
> entitlement to the wages themselves.   He does not allege that
> [Defendant] failed to pay him regularly, but that [Defendant] failed to
> pay him enough; and [Plaintiff] does not allege that [Defendant]
> failed to pay him minimum wage and overtime due him upon his
> termination, but that [Defendant] failed to pay him these wages at all.

*McLaughlin*, 372 F.Supp.2d at 474-75.   Similarly, in this case, the facts alleged in the complaint

suggest that Defendant paid Plaintiff regularly,[1] but failed to pay her enough.   Plaintiff alleges no

specific facts suggesting that Defendant failed to make regular weekly or bi-weekly payments or

that it failed to make its last scheduled payment to her after her termination.   Plaintiff's allegations

that "Defendant failed or refused to pay Plaintiff all wages due for work she performed before the

termination of her employment, on or before the day on which she would have been paid the wages

if the employment had not been terminated" and that "Defendant failed to pay Plaintiff all wages

due, including overtime, on her regular paydays" merely recite the language of the MWPCL and fail

to provide a sufficient factual basis to state a claim under § 3-502 or § 3-505.   Plaintiff's motion for

default judgment will therefore be denied as to these claims, and the claims will be dismissed.[2]

### 3.   Maryland Wage and Hour Law

Plaintiff alleges that Defendant violated the Maryland Wage and Hour Law by failing to pay

her an overtime premium for work she performed in excess of 40 hours per week.   The Court

agrees.

Section 3-415 of the MWHL requires employers to pay their employees an overtime wage

of at least one-and-a-half times their usual hourly wage for work they perform in excess of 40 hours

per week.   MD. CODE. ANN., LAB. & EMPL. §§ 3-415, -420.   The requirements of the MWHL

---

[1] The complaint makes reference to Plaintiff's "regular paydays" and "weekly paydays," suggesting that she received regular payment of wages once per week.   (Compl. ¶¶ 8.3, 8.6).

[2] The complaint also alleges that Defendant violated other provisions of the MWPCL, but the Court does not address these allegations because the MWPCL only authorizes private actions for violations of §§ 5-302 and 5-305.   MD. CODE. ANN., LAB. & EMPL. § 3-507.2.

"mirror" those of the FLSA, and claims under both statutes therefore stand or fall together. *Turner v. Human Genome Science, Inc.*, 292 F.Supp.2d 738, 744 (D. Md. 2003). Since the Court has already found that Plaintiff has proven her claims under the FLSA, her claims for unpaid overtime under the MWHL must stand as well. Unlike the FLSA, however, the statute of limitations for MWHL claims is three years. *See* MD CODE ANN., CTS. & JUD. PROC. § 5-101. All of the MWHL violations Plaintiff alleges took place within three years of her filing of this suit. Plaintiff's motion for default judgment will therefore be granted as to all of these claims.

### 4. Breach of Contract

Plaintiff alleges that Defendant breached its employment contract with her. The Court agrees.

Under Maryland law, a plaintiff claiming breach of contract need only show "that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." *Taylor v. NationsBank, N.A.*, 365 Md. 166, 175, 776 A.2d 645, 651 (2001). The complaint alleges that in August of 2009, Plaintiff entered into an employment contract with Defendant whereby she promised to work at Defendant's convenience store preparing food, waiting on customers, and performing various other duties, and in exchange Defendant promised to pay her $9.00 for each hour she worked. (Compl. ¶¶ 4.2, 9.2). It further alleges that Defendant breached this contract by failing to pay her anything for some hours that she worked. (Compl. ¶¶ 4.7, 4.10). Plaintiff has thus stated a *prima facie* claim of breach of contract, and her motion for default judgment will be granted as to this claim.

### B.   Damages

The Court must now determine the damages Plaitniff is entitled to recover with respect to her claims for breach of contract and violations of the FLSA and MWHL. In doing so, the Court will use the spreadsheet that Plaintiff has submitted, which she has testified in her affidavit

represents an accurate estimate of the hours she worked in Defendant's convenience store, and which the Court has previously found to prove those hours by a "just and reasonable inference." *See supra*; (Orellana Aff. ¶ 22); (Timesheet, ECF No. 9-2, Ex. A).  According to the spreadsheet, Plaintiff worked a total of 1,882 hours of overtime for Defendant.  Of those hours, Plaintiff states that she received her base wage of $9.00 per hour for 1,792 hours, and nothing for the remaining 90 hours.  *Id.*

Under the MWHL, Plaintiff is entitled to recover "the difference between the wage paid to [her] and the wage required under [§ 3-415] [*i.e.*, at least 1.5 times the usual hourly wage]." *See* MD. CODE ANN., LAB. & EMPL. § 3-427(a).  By the Court's calculation, then, Plaintiff is entitled to recover an overtime premium of half her base wage ($4.50) for 1,792 hours ($8,064), and her base wage plus overtime premium ($13.50) for 90 hours ($1,215), for a total of $9,279.00.

Under Maryland contract law, the standard measure of damages for breach of contract is the non-breaching party's expectation interest (*i.e.*, the difference between the value of the breaching party's promised performance and the value of his actual performance).  *Fowler v. Printers II, Inc.*, 89 Md.App. 448, 472, 598 A.2d 794, 805 (Md. Ct. Spec. App. 1991).  Since Defendant allegedly only promised to pay Plaitniff $9.00 per hour, Plaintiff's expectation interest in the contract is $9.00 for each of the 90 hours that she worked and received no compensation at all, a total of $810.00.  That amount, however, is already included in Plaintiff's unpaid overtime, calculated above, which she will recover on her MWHL claim.  To avoid double recovery, the Court will not add this amount to Plaintiff's total award.

Under the FLSA, Plaintiff is entitled to recover her "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).  As explained above, Plaintiff's total unpaid overtime comes to $9,279.00.  However, because of the FLSA's two-year limitations period, the Court must subtract from this figure any unpaid overtime which accrued to

Plaintiff prior to September 7, 2009 (2 years before she filed this suit). According to the spreadsheet, Plaintiff worked 100 hours of overtime prior to that date. (Time Sheet, ECF No. 9-2, Ex. A). Of those, Plaintiff states that she received her base wage for 96 hours, and nothing for four hours. *Id.* The amount to be subtracted, therefore, is 96 hours x $4.50 ($432.00) plus 4 hours x $13.50 ($54.00), for a total of $482.00. Subtracting $482.00 from $9,279.00, Plaintiff's total unpaid overtime within the FLSA limitations period comes to $8,797.00. This amount is also duplicative of Plaintiff's unpaid overtime that she will recover on her MWHL claim and therefore will not be added to her total award. However, this figure is also the amount of Plaintiff's liquidated damages, which are not duplicative.

Plaintiff's total damages, therefore, are her total unpaid overtime wages, ($9,279.00) plus her FLSA liquidated damages ($8,797.00) for a total of $18,076.00.

## C.     Attorney's Fees

Plaintiff also seeks an award of reasonable costs and attorney's fees. The FLSA directs courts, following a finding of liability, to "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The MWHL has a similar provision. MD. CODE ANN., LAB. & EMPL. § 3-427(d) ("If a court determines that an employee is entitled to recovery in an action under this section, the court may allow against the employer reasonable counsel fees and other costs."). Because Plaintiff has succeeded in showing Defendant to be liable for violations of both of these statutes, the Court will grant her request for costs and attorney's fees. Plaintiff's attorney has submitted a declaration in accordance with Rule 109.2 and Appendix B of the Local Rules documenting a total of 25.2 hours of work on this case and claiming a reasonable fee of $250 per hour. (Norton Dec., ECF No. 9-5, Ex. D). Based on this, Plaintiff seeks an award of $6,325.00 in attorney's fees and an award of $350 in costs (the filing fee for the complaint). The Court finds that, on the whole, the fees and costs claimed are reasonable. However, due to

11

Counsel's lack of success with certain of the causes of action in the complaint, the Court will deduct $632.50 (10%) from Counsel's claimed fees.  The Court will therefore award Plaintiff $5,692.50 in attorney's fees and $350 in costs.

### IV.    CONCLUSION

Accordingly, an order shall issue GRANTING IN PART and DENYING IN PART Plaintiff's Motion for Default Judgment, ENTERING JUDGMENT in favor of Plaintiff and against Defendant in the amount of $18,076.00, and AWARDING to Plaintiff $5,692.50 in attorney's fees and $350 in costs.

Dated this 23rd day of January, 2012

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge